CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
JUN 27 2011
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ROBERT ETHAN MILLER,<br>Plaintiff, | ) ) ) | Civil Action No. 7:11-cv-00290 |
| v. | ) ) ) | **MEMORANDUM OPINION** |
| WARDEN ZYCH,<br>Defendant. | ) ) ) | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Robert Ethan Miller, a federal inmate proceeding pro se, filed an "Injunctive Order" that I construe as a civil rights complaint pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), with jurisdiction vested in 28 U.S.C. § 1331. Plaintiff names as the sole defendant Warden Zych of the United States Penitentiary in Lee County, Virginia ("USP Lee"). This matter is before me for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submission, I dismiss the action without prejudice for failing to state a claim upon which relief may be granted.

I.

Plaintiff alleges the following facts in his complaint. Plaintiff will be filing a Bivens action in the near future after he exhausts his administrative remedies as required by 42 U.S.C. § 1997e(a). Plaintiff requests an injunction to prevent USP Lee staff from blocking his ability to exhaust his administrative remedies. He claims that staff open his mail addressed to attorneys, United States Attorneys, Congressman, and the Bureau of Prisons' ("BOP") Mid-Atlantic Regional Director's Office. Plaintiff further complains that he is in segregation because of institutional convictions, some of which are valid and others are fabricated.

Plaintiff mailed his tort claims and administrative claims to the Department of Justice ("DOJ") and a United States Attorney's Office. USP Lee staff confiscated forms plaintiff

intended to file with the DOJ because the forms were allegedly Uniform Commercial Code ("UCC") lien documents. Plaintiff alleges he needs these documents to file in court and administrative proceedings. Plaintiff has not received these documents back after their seizure. Plaintiff showed the UCC documents to Warden Zych after his conviction, and Zych said he is not an attorney and plaintiff should administratively appeal his conviction.

USP Lee then cited plaintiff for violating an institutional rule for possessing UCC-lien documents although plaintiff argues they were not UCC documents. Plaintiff was convicted and is administratively appealing the institutional conviction. USP Lee subsequently charged and convicted plaintiff with attempting to extort and threaten United States Attorneys in Georgia. USP Lee staff also charged plaintiff with threats and insolence. Plaintiff admits guilt to the insolence charge but argues that he did not threaten staff. USP Lee staff convicted plaintiff of the charges, which he is administratively appealing. USP Lee staff charged and convicted plaintiff of stealing library books, but plaintiff argues that his cellmate confessed to the act and plaintiff should not have been convicted.

As a result of the Discipline Hearing Officer ("DHO") finding plaintiff guilty of these convictions, USP Lee staff placed plaintiff in a special housing unit that limits his ability to communicate with the public. Plaintiff also complains about the clothes he has to wear, the bedding he received, the insufficient amount of tooth paste or tooth powder he receives, the dirty toilet, the lack of reading materials, the limited telephone calls, the smell of the unit, lack of access to personal property, and staff's threats of harm.

Plaintiff wants to start criminal charges against USP Lee staff. Plaintiff requests as relief to be transferred from the special housing unit and from USP Lee and to receive his personal

property. Paradoxically, plaintiff says he does not seek litigation but wants "this treatment" to stop.

II.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, the plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

However, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (May 18, 2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I

3

liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of the complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), a plaintiff must allege that a defendant is a federal agent who acted under the color of authority and engaged in unconstitutional conduct. However, plaintiff fails to state any claim against the sole defendant and relies on conclusions and legal jargon to constitute a claim. A Bivens claim requires a showing of personal fault on the part of a defendant either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs. See Fisher v. Washington Metropolitan Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982), abrogated on other grounds by Cnty. of Riverside v. McLaughlin, 500 U.S. 44 (1991). See also Farmer v. Brennan, 511 U.S. 825, 839-40 (1994) (finding that case law involving § 1983 claims is applicable in Bivens actions, and vice versa). Plaintiff fails to make this showing against the defendant. Plaintiff merely alleges that he showed to the defendant the documents that caused his institutional conviction after he was already found guilty of the charge. Defendant could not overturn the conviction as that authority is vested in another official. See 28 C.F.R. § 541.19 (requiring appeal of institutional conviction by a DHO to be appealed directly to the appropriate BOP Regional Office). Furthermore,

supervisory liability under § 1983 may not be predicated only on the theory of respondeat superior. See Vinnedge v. Gibbs, 550 F.2d 926, 929 (4th Cir. 1977).

Plaintiff fails to establish the deprivation of a basic human need or the defendant's deliberate indifference. See Wilson v. Seiter, 501 U.S. 294, 298, 303 (1991). When correctional personnel make comments that may constitute verbal abuse or harassment, those comments alone do not rise to the level of an Eighth Amendment violation. See Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979), cited favorably in, Moody v. Grove, 885 F.2d 865 (4th Cir. 1989) (table) (unpublished) (stating as a general rule that verbal abuse of inmates by guards, without more, does not state a constitutional claim). Plaintiff also fails to describe how the challenges to his disciplinary convictions would not be barred by Heck v. Humphrey, 512 U.S. 477, 487 (1994). See Edwards v. Balisok, 520 U.S. 641 (1997) (holding Heck applies to a suit that alleged constitutional flaws in prison disciplinary procedures). Plaintiff fails to allege any sustained harm from prison officials' confiscation of legal documents. See Lewis v. Casey, 518 U.S. 343, 350 (1996). Finally, a district court may not institute criminal charges based on a pleading from an incarcerated, pro se plaintiff.

III.

For the foregoing reasons, I dismiss the action without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief may be granted.[1]

---

[1] Plaintiff is advised that he had at least three non-habeas civil complaints or appeals previously dismissed as frivolous or for failing to state a claim upon which relief may be granted. See, e.g., Miller v. United States, et al., No. 10-15437 (11th Cir. Feb. 9, 2011) (appeal dismissed as frivolous and entirely without merit); Miller v. United States, et al., No. 1:10-cv-02996 (N.D. Ga. Oct. 29, 2010) (dismissed as legally frivolous action); Miller v. Schmidt, No. 1:10-cv-01128 (N.D. Ga. Sept. 23, 2010) (dismissed with prejudice for lack of subject matter jurisdiction); Miller v. Miller, et al., No. 1:09-cv-01700 (N.D. Ga. July 2, 2010) (granting a motion to dismiss with prejudice and finding the action "so implausible and lacking in merit as to establish the complete lack of a federal controversy").

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to plaintiff.

ENTER: This 27th day of June, 2011.

                                                                               Senior United States District Judge

---

In accordance with the three-strikes provision of 28 U.S.C. § 1915(g), plaintiff must pay the $350.00 filing fee or otherwise comply with 28 U.S.C. § 1915 to proceed with a civil suit.